UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ALEJANDRO SANTOS FELIX-PUAC,    Case No. 2:24-cv-01400-MTK

          Petitioner,    **OPINION AND ORDER**

    v.

JAIME MILLER,

          Respondent.

_____

KASUBHAI, District Judge.

    Petitioner brings this federal habeas action pursuant to 28 U.S.C. § 2254 and challenges his state court convictions on grounds that his trial counsel provided ineffective assistance in violation of his rights under the Sixth Amendment. Respondent argues that the Petition should be denied because it is untimely and Petitioner's claims are procedurally defaulted. As explained below, Petitioner did not seek federal habeas relief within the one-year statute of limitations and he failed to fairly present his claims to the Oregon courts. Accordingly, the Petition is DENIED.

## DISCUSSION

    On July 10, 2018, Petitioner was charged by indictment with one count of Unlawful Sexual Penetration in the First Degree and one count of Sexual Abuse in the First Degree. Resp't Ex. 102. Petitioner ultimately waived his right to a jury trial and proceeded to trial before the court. Resp't Ex. 103 at 163-65.

1 - OPINION AND ORDER

The trial court found Petitioner guilty on both counts and imposed concurrent sentences totaling 300 months of imprisonment. Resp't Ex. 101; Resp't Ex. 103 at 317, 321-23. On May 15, 2019, final judgment entered. Petitioner did not pursue a direct appeal.

On November 23, 2020, Petitioner sought post-conviction relief (PCR) in state court. Resp't Exs. 105. In his amended PCR petition, Petitioner alleged that his counsel conceded guilt on the Sexual Abuse charge without his consent and failed to ensure that Petitioner's waiver of jury trial and decision not to testify were knowing and voluntary. Resp't Ex. 106. The PCR court denied relief, the Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. Resp't Exs. 128, 133-34.

Petitioner now seeks federal habeas relief on grounds that his counsel's performance was deficient in several respects. Respondent maintains that the Petition should be denied because Petitioner's claims are untimely and barred by procedural default.

Generally, a petitioner must file a federal habeas petition challenging a state court conviction within one year after the challenged conviction becomes final. 28 U.S.C. § 2244(d)(l) (providing that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court"). A state court conviction becomes final, and the one-year statute of limitations begins to run, when direct review proceedings have concluded. *Id.* § 2244(d)(l)(A). The limitations period is tolled during the time in which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2). A state application for post-conviction relief is no longer pending when "no other state avenues for relief remain open." *Melville v. Shinn*, 68 F.4th 1154, 1160-61 (9th Cir. 2023) (citing *Lawrence v. Florida*, 549 U.S. 327, 332 (2007)).

**2 - OPINION AND ORDER**

Petitioner's conviction became final on June 14, 2019, thirty days after entry of judgment, and the statute of limitations began to run on that date. Resp't Ex. 101; Or. Rev. Stat. § 19.255(1) (allowing 30 days to file a direct appeal). The statute of limitations ran for 528 days before Petitioner filed his PCR petition on November 23, 2020. Resp't Ex. 105.[1]

The limitations period was tolled, or stopped, during the pendency of Petitioner's PCR proceeding. 28 U.S.C. § 2244(d)(2). Petitioner unsuccessfully appealed the denial of PCR relief, and on June 13, 2024, the Oregon Supreme Court denied review. Resp't Ex. 133. Petitioner had 14 days to seek reconsideration of the order denying review. Or. R. App. P. 9.25(1) ("A party seeking reconsideration of a decision of the Supreme Court shall file a petition for reconsideration within 14 days after the date of the decision."). Petitioner did not move for reconsideration and no other avenues of relief remained opened to him. Thus, the statute of limitations restarted on June 27, 2024.

The statute of limitations ran for another 34 days before Petitioner signed his federal habeas Petition on July 31, 2024. *See* Pet. at 7. In total, the statute of limitations ran for 562 days, well beyond the one-year (365-day) statute of limitations.

Petitioner requests that the Court excuse the untimeliness of his Petition on grounds that he was "unaware of the legal proceedings and possible remedies available to him" and did not know that a one-year statute of limitations applied to § 2254 actions. Pet'r Brief (ECF No. 30).

Equitable tolling of the statute of limitations is available "only if extraordinary circumstances beyond" Petitioner's control made "it impossible to file a petition on time." *Miles*

---

[1] Although Petitioner signed his initial PCR petition on November 13, 2020, Oregon has rejected the "mailbox rule" and the limitations period did not begin tolling until the state court received the PCR petition on November 23, 2020. Resp't Ex. 105; *see Orpiada v. McDaniel*, 750 F.3d 1086, 1089 (9th Cir. 2014) (federal courts look to state law to determine state post-conviction filing requirements); *Baldeagle v. Lampert*, 185 Or. App. 326, 331 (2002).

**3 - OPINION AND ORDER**

*v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) (citation omitted); *see also Holland v. Florida*, 560 U.S. 631, 649 (2010). Petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling is "unavailable in most cases," as the "threshold" for its application is "very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (citations omitted).

Petitioner does not assert sufficient grounds to support equitable tolling. "Equitable tolling is typically granted when litigants are unable to file timely petitions as a result of external circumstances beyond their direct control" and "is typically denied in cases where a litigant's own mistake clearly contributed to his predicament." *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008). Consequently, the failure to file a timely petition due to a petitioner's "oversight, miscalculation or negligence" precludes the application of equitable tolling. *Id.* Petitioner's lack of knowledge about or awareness of the statute of limitation does not permit the application of equitable tolling.

Even if Petitioner asserted adequate grounds to support equitable tolling, his claims for relief are unexhausted and barred from federal review through procedural default.

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal quotation marks and citation omitted); 28 U.S.C. § 2254(b)(1). To meet the exhaustion requirement, a petitioner must present all federal claims to the State's highest court before seeking federal habeas relief. *Id.*; *Cooper v. Neven*, 641 F.3d 322, 326 (9th Cir. 2011)

4 - OPINION AND ORDER

("Exhaustion requires the petitioner to 'fairly present' his claims to the highest court of the state."). A petitioner's failure to raise all federal claims before the state court and exhaust available state remedies may be excused only if "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B).

In his sole ground for relief, Petitioner alleges:

> Ineffective assistance of counsel in violation of Strickland standards, Due Process Guaranteed rights under the 5th and 6th amendments of the United States Constitution. Failure to call witnesses. Failure to investigate interpreted reports, Failure to request DNA. Restricting the right to freedom of speech under Article 1, section 8 Freedom of speech and free press[.]

Pet. at 4. During his PCR proceeding, Petitioner did not allege ineffective assistance claims based on counsel's failure to call witnesses, investigate reports, or request DNA evidence. Resp't Ex. 106. Accordingly, Petitioner did not fairly present his federal claims to the Oregon courts, and they are unexhausted and barred from review through procedural default.

## CONCLUSION

The Petition for Writ of Habeas Corpus (ECF No. 1) is DENIED and this action is DISMISSED. Petitioner's Motions to Produce and for Appointment of Counsel (ECF Nos. 28, 29) are DENIED as moot. A Certificate of Appealability is DENIED on grounds that Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). IT IS SO ORDERED.

DATED this 29th day of October 2025.

s/ Mustafa T. Kasubhai<br>
MUSTAFA T. KASUBHAI (he/him)<br>
United States District Judge

5 - OPINION AND ORDER